Filed 4/17/13  P. v. Han CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX


| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>SANG DAE HAN,<br><br>  Defendant and Appellant. | 2d Crim. No. B238541<br>(Super. Ct. No. PA069136)<br>(Los Angeles County) |


Sang Dae Han appeals his conviction, by jury, of one count of continuous sexual abuse of a minor (Pen. Code, § 288.5),[1] and one count of aggravated sexual assault on a child under 14 years of age.  (§ 269, subd. (a)(2).)  He was sentenced to state prison for 31 years to life.  He appeals contending his conviction of violating section 269 must be reversed because the statute of limitations had run on that offense.  He further contends the trial court prejudicially erred when it permitted the victim's mother to testify that the victim had been raped because the mother had no personal knowledge of the incident.  We affirm.

*Facts*

Appellant married Connie Han in the 1980s.  At the time, Connie had a five-year old daughter, Sarah J., from a previous marriage.  Sarah testified that appellant molested her on numerous occasions, beginning when she was five years old and ending when she was 12.  Appellant would instruct Sarah to take off her clothes and then rub or

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

"flick" his penis along her vagina. On some occasions, Sarah would go to sleep in her bed, wearing her pajamas and wake up in appellant's bed, naked. The molestations happened while Connie was out of the house, working at her job as a nurse. On August 1, 1995, appellant placed his penis inside Sarah's vagina. She screamed in pain and appellant stopped. Sarah remembered the date because it was the day she got braces on her teeth. That same day, Sarah disclosed the abuse to a friend, Roxana. Roxana's mother told Connie, who confronted appellant. Appellant left the family house, but returned about one week later. Although they continued to live in the same house, appellant stopped molesting Sarah. Sarah eventually left home for college and later moved to New York, cutting off contact with her family.

In 2010, when Sarah was 28 years old, she reported the abuse to police in Los Angeles. She then made a "pretext" telephone call to appellant from the station. During the call, appellant admitted that he molested and raped Sarah. He confirmed that the molestation began when Sarah was in kindergarten and that he raped her on the same day she got her braces. Appellant apologized and said he must have been possessed by a demon when he did these things.

## Discussion

### Statute of Limitations

Appellant was charged with aggravated sexual assault of a child, in violation of section 269, subdivision (a)(2). He contends the statute of limitations for a violation of section 269 is set by section 800, which provides: "Except as provided in Section 799, prosecution for an offense punishable by imprisonment in the state prison for eight years or more . . . shall be commenced within six years after commission of the offense." The limitations period is not extended by section 801.1, he argues, because section 269 is not one of the offenses listed in that section. According to appellant, his prosecution was untimely because it was commenced 15 years after the rape. Appellant is incorrect.

A violation of section 269 is "punished by imprisonment in the state prison for 15 years to life." (§ 269, subd. (b).) Section 799 provides that prosecution for an offense punishable by "imprisonment in the state prison for life or for life without the possibility of

2

parole . . . may be commenced at any time."  As the court observed in *People v. Hale* (2012) 204 Cal.App.4th 961, "[A] straightforward application of section 799 leads to the conclusion that a violation of section 269 may be prosecuted at any time."  (*Id.* at p. 972.)  The prosecution was therefore timely.

*Evidentiary Error*

Mrs. Han, appellant's wife, who speaks both English and Korean, began testifying using a Korean interpreter.  Her testimony quickly became confusing because, although she was using the interpreter, she also included English-language words in her answers.  The prosecutor asked Mrs. Han to "tell us why you are here today."  Mrs. Han answered that she was there because appellant committed "two kinds of crimes."  She explained, "The first is he molested child.  What do you say -- and the second time --"  Here, she was interrupted by the prosecutor and then by the trial judge asking whether she meant to say "the second time" or "the second one."  Mrs. Han explained,  "No.  It is not second time.  I'm saying the second crime."  Then, this exchange occurred:

"[Prosecutor]:       What is the second time that you are here to testify about?

"[Witness]:       Raping a child before 13 years of age, or below.

"[Prosecutor]:       Mrs. Han, who did the defendant do this to?  Molest and rape?

"[Witness]:       Sarah."

Defense counsel objected that the question called for a legal conclusion and for hearsay.  The objections were overruled.

Appellant contends the trial court erred when it permitted this testimony because Mrs. Han lacked personal knowledge of the incident and her opinion was improper because it was based on hearsay.  No prejudicial error occurred.

Mrs. Han's testimony concerning her reasons for testifying was not hearsay or an improper opinion.  First, it was not offered as evidence that appellant in fact raped Sarah, but instead to establish Mrs. Han's reasons for testifying.  Her motives for testifying were relevant to, and admissible for the purpose of evaluating her credibility.  (Evid. Code, § 780, subd. (j) [jury may consider witness' "attitude toward the action in which [she] testifies or toward the giving of testimony[,]" in evaluating credibility].)  In addition, Sarah's statements

3

to Mrs. Han formed the basis for her opinion. Those statements were admissible as prior consistent statements and were not the subject of an objection at trial. (Evid. Code, § 791; *People v. Jones* (2003) 30 Cal.4th 1084, 1106-1107.)

Finally, any error in admitting the statement was harmless because the evidence of appellant's guilt was overwhelming. Sarah's detailed testimony was corroborated by her friend, Roxana, and by her medical records. Most importantly, Sarah's account was corroborated by appellant himself during the pretext telephone call. Appellant admitted that he began molesting Sarah when she was in kindergarten and that he raped her on the day she got her braces. Mrs. Han's statement that she was testifying because she believed appellant raped and molested Sarah would have added little, if any weight to the evidence of his own devastating admissions. It is not reasonably probable appellant would have achieved a more favorable result had the statement been excluded. (*People v. Watson* (1956) 46 Cal.2d 818.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

4

Dalila C. Lyons, Judge

Superior Court County of Los Angeles

_____


David H. Goodwin, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, , Deputy Attorney General, for Plaintiff and Respondent.